[Civ. No. 8214. Second Appellate District, Division Two.—February 28, 1934.]

M. W. MATTISON et al., Respondents, v. ITALO PETROLEUM CORPORATION OF AMERICA (a Corporation), Appellant.

Norman T. Mason for Appellant.

Roland Rich Wooley for Respondents.

CRAIG, J.—Professional services having been rendered by the plaintiffs for the defendant corporation at the instance and request of its representatives, and a portion

only of the fees therefor having been paid, suit was instituted for the balance, in which a judgment was rendered in favor of the plaintiffs. Defendant corporation appealed.

From the testimony of the defendants it appeared that defendant Wilkes, as general manager of the company, employed the plaintiff to audit and prepare financial statements of its business, and that while they were at work thereon he wrote and delivered to plaintiff a letter confirming such employment at the offices of the company. It was contended upon the trial that Wilkes was not authorized to bind the company and that his act in so doing was not ratified, nor did the company receive the benefit of said services. Wilkes swore that as vice-president and general manager he managed the business of the corporation in directors' meetings, that they knew all the time and for some months that they needed the audit and had discussed it among them; in fact, that he "talked with them that morning" before giving instructions to call the plaintiffs to the office, and later informed them that the plaintiffs were working on the company's books; that he devoted all of his time to the business of the corporation, was interested in no other matters and was "interested in seeing the Italo Petroleum Corporation put the deal through" for which said audit was required. The official auditor received from Wilkes, from the secretary and from others of the company complete instructions to render assistance to the plaintiffs, and co-operated with them. Much other evidence of like character might be presented.

Since numerous cases "lay down the well established rule that the authority of an agent to act for a corporation may be shown by evidence that the person does business for the corporation and in its behalf as agent with the knowledge and acquiescence of its directors" (*Stevens* v. *Selma Fruit Co.*, 18 Cal. App. 242 [123 Pac. 212]), the conclusion of the trial court that the sole defense of nonemployment was not sustained, but that employment was sufficiently shown, is supported by the evidence.

The remaining questions argued are dependent thereon, and the above conclusion renders them untenable.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.